## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**TERENCE MICHAEL GIDLOW,**

    **Plaintiff,**       **CASE NO:**

**vs.**

**LBH GROUP INTERNATIONAL
AGENCIES AND SERVICES B.V., a
Foreign Corporation; LBH GLOBAL
AGENCIES, INC., aka LBH GLOBAL
AGENCIES LTD., a Foreign
Corporation; LBH NETHERLANDS
B.V., a Foreign Corporation; JAN
LAGENDIJK, an individual; and
BERT LAGENDIJK, an individual**

     **Defendants.**   /
_____

## COMPLAINT & DEMAND FOR JURY TRIAL

   For the Complaint against Defendants, LBH GROUP INTERNATIONAL

AGENCIES AND SERVICES B.V. ("LBH Group"); LBH GLOBAL AGENCIES, INC.,

aka LBH GLOBAL AGENCIES LTD. ("LBH Global Agencies"); and LBH

NETHERLANDS B.V. ("LBH Netherlands"); JAN LAGENDIJK, an individual; and

BERT LAGENDIJK, an individual (collectively "Defendants"), Plaintiff, TERENCE

MICHAEL GIDLOW ("Plaintiff" or "Gidlow"), alleges as follows:

## PRELIMINARY STATEMENT

   1.  Gidlow brings this action to recover amounts due to be paid to him by

Defendants at the termination of his employment.

## JURISDICTION AND VENUE

   2.  Venue is proper in this district because Gidlow resides in this District,

performed work for Defendants in this District, Defendants entered into contractual obligations with Gidlow in this District, and Defendants breached their contractual obligations to Gidlow in this District.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the citizens of a State and citizens or subjects of a foreign state.

4.      This Court has jurisdiction over LBH Group, LBH Global Agencies and LBH Netherlands, pursuant to Florida Statutes  § 48.193,  because these entities entered into a contract with Gidlow, a Florida resident, in Florida, employed him in this District for over two years, and breached their contractual obligations to Gidlow in Florida.

5.      This Court further has jurisdiction over LBH Global Agencies pursuant to Florida Statutes § 48.193, because the company regularly conducted business in Florida during the time period applicable to this complaint (January 2013 to July 31, 2015), including regularly holding board meetings in Miami and employing its co-CEO in Fort Lauderdale.

6.      This Court further has jurisdiction over LBH Group pursuant to Florida Statutes  § 48.193, because the company regularly conducted business in Florida during the time period applicable to this complaint (January 2013 to July 31, 2015), including regularly transacting business from Florida with and through a Louisiana entity with the fictitious name LBH USA, entering into negotiations regarding the sale of the company in Florida, including holding meetings in Florida related to same, and employing the co-CEO of LBH Global Agencies in Fort Lauderdale.

7.      LBH Group conducted significant negotiation of its banking relationship

with Deutsche Bank during meetings held in Florida, and specifically in Miami.

8.     This Court further has jurisdiction over LBH Group and LBH Global Agencies, pursuant to Florida Statutes § 48.193, because those entities maintained an office in Fort Lauderdale Florida during the time period applicable to this Complaint, when they employed the co-CEO of LBH Global Agencies in Fort Lauderdale. Specifically, LBH Group and LBH Global Agencies paid expenses for Gidlow's office in Fort Lauderdale, which was located in Gidlow's home, and thus maintained said office as an important base of operations.  As such, they were operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

9.     This Court has jurisdiction over all Defendants pursuant to Florida Statutes § 48.193, because each has breached a contract in this State by failing to perform acts required by the contract to be performed in this State to Gidlow who they employed in this State.

10.     As further set forth below, in addition to its direct jurisdiction over Bert Lagendijk and Jan Lagendijk, this Court has jurisdiction over Bert Lagendijk and Jan Lagendijk as, at all times material to this Complaint, they operated as alter-egos of LBH Group, LBH Global Agencies, and LBH Netherlands, and regularly traveled to the United States, and Florida in particular, in furtherance of the business of those companies.

11.     As further set forth below, in addition to its direct jurisdiction over LBH Group, this Court has jurisdiction over LBH Group as the parent of LBH Global Agencies and LBH Netherlands, as, at all times material to this Complaint, LBH Global

Agencies and LBH Netherlands were mere agents or instrumentalities of LBH Group.

## PARTIES

12.     Gidlow is a citizen of the United States and of Florida.  At all times material to this Complaint, Gidlow was a permanent resident of the United States and of Florida, and lived and worked for Defendants as the co-CEO of LBH Global Agencies in Fort Lauderdale, Florida.

13.     LBH Global Agencies is a foreign corporation, incorporated in the British Virgin Islands, with its principal place of business in Curaçao.

14.     LBH Group and LBH Global Agencies employed Mr. Gidlow as the co-CEO of LBH Global Agencies from January 1, 2013, to July 31, 2015, in Fort Lauderdale, Florida.

15.     LBH Group is a foreign corporation, with its principal place of business in Curaçao.

16.     LBH Group and LBH Global Agencies operate from the same address in Curaçao.

17.     LBH Netherlands is a foreign corporation, incorporated in the Netherlands, with its principal place of business in Rotterdam, Netherlands.

18.     While LBH Group is nominally the "parent" of LBH Global Agencies and LBH Netherlands, in reality, LBH Group functions as a single enterprise with LBH Global Agencies and LBH Netherlands, and dominates and controls both LBH Global Agencies and LBH Netherlands, such that LBH Global Agencies and LBH Netherlands are mere instrumentalities of LBH Group.

19.     Between 2013 and 2015, LBH Group controlled the finances of LBH

Global Agencies and LBH Netherlands by maintaining central accounts with UBS in Switzerland, and Deutsche Bank in Holland, through which LBH Group collected monies due to both entities.

20.     Upon information and belief, between 2013 and 2015, LBH Group directed the actions of LBH Global Agencies and LBH Netherlands, and used those subsidiaries for improper purpose.  Specifically, such improper purposes include, but are not limited to, using funds from LBH Global Agencies and LBH Netherlands to make unlawful payments on LBH Group's behalf.

21.     Upon information and belief Jan Lagendijk is a citizen of Holland who regularly travels to the United States for business and personal reasons.

22.     Specifically, Jan Lagendijk regularly traveled to Florida between January 2013 and July 2015 to attend board meetings for LBH Global Agencies, and conducted business for LBH Global Agencies and LBH Group while in Florida.

23.     Upon information and belief, at all times material to the Complaint, Jan Lagendijk owned property in Miami Beach, Florida.

24.     Jan Lagendijk was, at all times material to this action, the co-president of LBH Group.

25.     Upon information and belief, Bert Lagendijk is a citizen of Holland who regularly travels to the United States for business and personal reasons.

26.     Specifically, Bert Lagendijk regularly traveled to Florida between January 2013 and July 2015 to attend board meetings for LBH Global Agencies, and conducted business for LBH Global Agencies and LBH Group while in Florida.

27.     Bert Lagendijk was, at all times material to this action, the co-president of

LBH Group.

28.     In addition, between 2013 and 2015, both Jan Lagendijk and Bert Lagendijk regularly traveled to the United States, including Florida, to attend to business of the fictitious entity LBH USA LLC.

29.     Upon information and belief, Bert Lagendijk and Jan Lagendijk comingled their personal funds with those of LBH Global Agencies, as well as LBH Group, and LBH Netherlands.

30.     Upon information and belief, Bert Lagendijk and Jan Lagendijk personally directed the use of LBH Global Agencies and LBH Netherlands funds for improper and unlawful purpose.

31.     Upon information and belief, Bert Lagendijk and Jan Lagendijk failed to observe corporate formalities with respect to LBH Group and LBH Global Agencies.  For example, Bert Lagendijk and Jan Lagendijk made decisions which would require board approval without holding required board meetings.

32.     Upon information and belief Bert Lagendijk and Jan Lagendijk failed to maintain written record of all corporate decisions.

33.     Upon information and belief, Bert Lagendijk and Jan Lagendijk operated as alter-egos of LBH Group, LBH Global Agencies, and LBH Netherlands.

34.     Upon information and belief, LBH Group operated as an alter-ego of LBH Global Agencies and LBH Netherlands.

## FACTUAL ALLEGATIONS

35.     Gidlow was hired by LBH Group and LBH Global Agencies as co-CEO of LBH Global Agencies in January 2013.

36.     In connection with his hire, LBH Group promised Gidlow that he would be entitled to participate in a share agreement.

37.     In connection with his hire by LBH Group and LBH Global Agencies, Gidlow, LBH Global Agencies and LBH Netherlands entered into an agreement entitling Gidlow to 2.5% in the combination of LBH Global Agencies and LBH Netherlands (the "Share Agreement").

38.     From January 1, 2013, therefore, Gidlow was entitled pursuant to the Share Agreement to "share in the results and capital growth" of LBH Global Agencies and LBH Netherlands.

39.     The Share Agreement specifies that in the event Gidlow's employment terminated on the initiative of the shareholders of LBH Global Agencies and LBH Netherlands without Gidlow's unsatisfactory performance, i.e. if he was a "good leaver" in the language of the Share Agreement, he would be entitled to compensation for his 2.5% interest.

40.     Gidlow performed well in his role as co-CEO of LBH Global Agencies.

41.     Gidlow's performance for LBH Global Agencies was not unsatisfactory.

42.     Prior to July 2015, Gidlow never received any negative feedback regarding his work for LBH Global Agencies.

43.     As of June 2015, LBH Group was valued at $100,000,000.00, in connection with a possible sale of the company.

44.     The valuation of LBH Group was comprised entirely of the value of LBH Global Agencies and LBH Netherlands.

45.     On July 15, 2015, Jan Lagendijk emailed Gidlow a notification that his

employment with LBH Group would be terminated as of July 31, 2015.

46.     In that email, Jan Lagendijk stated:

We, from our end, will confirm that the termination of our relationship is due only because of a different view and approach on how the LBH group has been doing business during the past 30 years and moving forward. We will reconfirm that we have come to this decision in a mutually respectful friendly manner whilst we wish you the best with your future endeavours.

47.     Despite the fact that Gidlow's performance was satisfactory, and he was a "good leaver" under the terms of the Share Agreement, LBH Group, LBH Global Agencies, LBH Netherlands, Bert Lagendijk, and Jan Lagendijk failed to pay Gidlow the value of his 2.5% interest in LBH Global Agencies and LBH Netherlands.

48.     The value of 2.5% interest in LBH Global Agencies and LBH Netherlands at the time of Gidlow's termination was $2,500,000.00.

49.     Gidlow has been damaged by Defendants' failure to pay him for the value of his interest under the Share Agreement.

50.     In addition to the loss of the monetary value, itself, Gidlow suffered consequential damages from the breach of the Share Agreement, including but not limited to the forced sale of property on unfavorable terms.

51.     The terms of Gidlow's employment also entitled him to expense reimbursement.

52.     Defendants expressly offered in writing in July 2015 to reimburse expenses incurred to that date which had not yet been reimbursed.

53.     Gidlow accepted that offer, and submitted approximately $7,500.00 in expense reimbursement requests in late July 2015.

54.     Gidlow was not reimbursed for the $7,500.00 in expenses submitted.

55.     Defendants LBH Group and LBH Global Agencies, as well as Bert

Lagendijk and Jan Lagendijk as alter-egos of those entities, also failed to pay Gidlow approximately $7,500.00 in expense reimbursement submitted in late July 2015, which they were required to pay pursuant to the terms of his employment.

56.     Moreover, at the time of his termination, pursuant to the terms of his employment, Gidlow was also owed dividend payments related to LBH Group and LBH Global Agencies.

57.     Bert Lagendijk, Jan Lagendijk, LBH Group, and LBH Global Agencies acknowledged in writing that the dividend payment was owed, and valued at approximately $212,000.00.

58.     The $212,000.00 in dividend payments should have been paid at the termination of Gidlow's employment.

59.     Defendants LBH Group and LBH Global Agencies, as well as Bert Lagendijk and Jan Lagendijk as alter-egos of those entities, failed to pay Gidlow approximately $212,000.00 in dividend payments owed at the termination of his employment.

## COUNT I
## BREACH OF CONTRACT

60.     Plaintiff incorporates paragraphs 1 through 59.

61.     Plaintiff performed work for Defendants pursuant to the terms of written agreements between the Parties, including, but not limited to, the Share Agreement.

62.     Pursuant to the Share Agreement, Plaintiff is entitled to the value of 2.5% of LBH Global Agencies and LBH Netherlands as of his termination.

63.     LBH Global Agencies and LBH Netherlands are obligated to make payment to Plaintiff under the terms of the Share Agreement.

64.     LBH Group is obligated to make payment to Plaintiff pursuant to the Share Agreement, as LBH Group hired Plaintiff to be the co-CEO of LBH Global Agencies, and was ultimately responsible for the terms of the Share Agreement.

65.     LBH Group is further directly obligated to make payment to Plaintiff of the value of his share of LBH Global Agencies and LBH Netherlands, because LBH Group, itself, promised that Plaintiff would receive the value of such shares in its offer letter to Plaintiff.

66.     In addition to the obligations arising from its own actions, LBH Group is further obligated to make payment to Plaintiff pursuant to the Share Agreement, as it functions as a single enterprise with LBH Global Agencies and LBH Netherlands, and dominates and controls those entities such that they have no independent existence.

67.     LBH Group and LBH Global Agencies further breached contractual agreements with Plaintiff to pay him expense reimbursements and his final dividend payment.

68.     Jan Lagendijk, and Bert Lagendijk, as alter-egos of LBH Group, LBH Global Agencies and LBH Netherlands, are obligated to make payment to Plaintiff under the terms of Plaintiff's agreements with LBH Group, LBH Global Agencies and LBH Netherlands.

69.     Defendants have failed to compensate Plaintiff pursuant to the terms of their contractual obligations to Plaintiff.

70.     Defendants' failure to pay Plaintiff the owed value of his 2.5% share, the dividend payment, and the expense reimbursement were not in good faith.

71.     Plaintiff has been damaged by Defendants' breaches of their contractual

obligations to him.

Wherefore, Plaintiff prays for the following relief:

a.  An award of the amount owed under the Share Agreement, for expense reimbursement, and for the unpaid dividend payment, in a total amount in excess of $2,700,000.00;

b.  Consequential damages flowing from Defendants' breach of their contractual obligations to Plaintiff;

c.  An award of pre- and post-judgment interest;

d.  Any and all other relief available under any law Defendants claim is applicable to this matter; and

e.  Any and all other relief that the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  this 14th day of July, 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

Angeli Murthy, Esq., B.C.S.
Florida Bar No. 88758
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

-and-

C. Ryan Morgan, Esq.
Florida Bar. No 15527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com

**<u>VERIFICATION</u>**

I, **TERENCE MICHAEL GIDLOW**, declare under penalty of perjury, pursuant to 28

U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on

my personal knowledge.

Dated: _7/14/2020_

_____

**TERENCE  MICHAEL GIDLOW**

12